IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| DWAINE COLEMAN,  Plaintiff,  v.  KELLOGG'S CO.,  Defendant. | No. 2:23-cv-02612-SHM |

---

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE**

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation, filed on July 31, 2025 (the "Report"). (ECF No. 96.) The Report recommends that the Court grant Defendant Kellogg's Co.'s May 7, 2025 Motion for Summary Judgment (ECF No. 84.) and dismiss Plaintiff Dwaine Coleman's case in its entirety. For the reasons stated below, the Report is **ADOPTED**, and the Motion is **GRANTED**.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed.Appx. 308, 310 (6th Cir. 2003). Pursuant to Federal Rule of

Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2), 6(d). "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C).

Where no timely objections are filed, the district court is not required to review, under a de novo or any other standard, the magistrate judge's report. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Instead, the district court adopts the findings and rulings of the magistrate judge. See id. at 151. Objections to a magistrate judge's report that were not first presented to the magistrate judge for consideration are deemed waived. See Becker v. Clermont Cty. Prosecutor, 450 Fed.Appx. 438, 439 (6th Cir. 2011); see also The Glidden Co. v. Kinsella, 386 Fed.Appx. 535, 544 (6th Cir. 2010).

Here, no objections to the Report have been filed, and the deadline for filing objections expired on August 14, 2025. Where no objections are raised and there is no clear error on the face

of the Report, the Court may adopt the Report without further review. See Thomas, 474 U.S. at 152 ("There is no indication that Congress … intended to require a district judge to review a magistrate's report to which no objections are filed."); see also United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981) (holding that "further appeal is waived" if a party fails to object to a magistrate judge's report); see also Baffle v. Tennessee Child Support, No. 2:24-cv-2836-JPM, 2025 WL 48747, at *2 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal citations omitted).

There is no clear error in the Report. The Court **ADOPTS** the Report in full. Defendant's Motion for Summary Judgment is **GRANTED**. This case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED** this _14th_ day of August, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3