```
IN THE UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```

|  |  |
|---|---|
| DWAINE COLEMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02612-SHM |
| | ) |
| KELLOGG'S CO., | ) |
| | ) |
|     Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Dwaine Coleman's Motion for Reconsideration of the Court's August 14, 2025 Order and Judgment adopting Magistrate Judge Annie T. Christoff's Report and Recommendation. (ECF No. 100.) The Court's Order adopted the Report and Recommendation and granted Defendant's Motion for Summary Judgment. (ECF No. 96.) For the reasons stated below, Plaintiff's Motion to Reconsider is **GRANTED.**

### I.   Background

The substantive factual background is not relevant for purposes of this Order. On May 7, 2025, Defendant filed a Motion for Summary Judgment. (ECF No. 84) That Motion was referred to Magistrate Judge Annie T. Christoff. (ECF No. 86.)

On July 31, 2025, the Magistrate Judge entered her Report and Recommendation (the "R&R"). (ECF No. 96.) The R&R recommended that Defendant's Motion for Summary Judgment be granted. (Id.) Plaintiff made no timely objections.  On August 14, 2025, the Court entered an Order and corresponding Judgment adopting the R&R in full. (ECF Nos. 97 & 98.) On August 15, 2025, Plaintiff filed his objections to the R&R. (ECF No. 99.) On August 22, 2025, Plaintiff filed the pending Motion for Reconsideration. (ECF No. 100.)

**II.  Law**

"Motions for reconsideration generally are construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)."  Waid v. Snyder, No. 18-1960, 2019 WL 4121023, at *1 (6th Cir. Feb. 19, 2019); see also Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990) (construing a motion for reconsideration as a Rule 59(e) motion to alter or amend a judgment).

What Plaintiff appears to seek, however, is vacatur of the Court's August 14, 2025 Order and Judgment on the ground that his timely objections to the R&R were not properly considered. (ECF No. 100.) Under Rule 60(b), the Court "may relieve a party or its legal representative from a final judgment, order, or

2

proceeding" for reasons of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Other courts have granted relief in analogous situations. In Cardenas-Meneses v. United States, 2016 WL 10733961 (S.D. Tex. Oct. 19, 2016), a district court granted a plaintiff's motion for reconsideration under Rule 60 when the plaintiff showed that he did not have the opportunity to timely object to the court's adoption of a Magistrate Judge's report and recommendation recommending dismissal of his case.

**III. Analysis**

The Magistrate Judge's R&R was filed on July 31, 2025. (ECF No. 96) The "Notice" section on the final page of the R&R reads: "Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations." (ECF No. 96 at 19.) That notice accords with Federal Rule of Civil Procedure 72(b)(2), which states that "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

On August 14, 2025, the Court entered its Order adopting the R&R in full and granted summary judgment because "no

3

objections to the Report ha[d] been filed" within fourteen days. (ECF No. 97.) Final judgment was entered the same day. (ECF No. 98.) On August 15, 2025, one day after the Court had entered its Order and Judgment, Plaintiff filed objections to the R&R. (ECF No. 99.) On August 22, 2025, Plaintiff filed the pending Motion for Reconsideration, arguing that the Court had adopted the R&R prematurely and that his objections should be considered timely. (EF No. 100.)

In his Motion, Plaintiff argues that the deadline to respond should be extended to August 15 because he receives notice of court documents by traditional mail rather than electronically. (Id.) Plaintiff does not say in his Motion what day he received the R&R. (Id.) Plaintiff does say, however, that there was a seven-day gap between the Court's August 14, 2025 Order adopting the R&R and Plaintiff's receipt of that Order in the mail. (Id.) Plaintiff makes these representations under penalty of perjury. (Id.)

A review of the CM ECF filing system shows that Plaintiff did not receive electronic notification of the R&R or the Court's Order dismissing the case. That is consistent with the representations in Plaintiff's Motion for Reconsideration. (Id.) Both Rule 72(b)(2) and the R&R state that the deadline to object is 14 days "after being served with a copy" of the disposition. Fed. R. Civ. P. 72(b)(2) and ECF No. 96 at 19. Although Plaintiff

4

does not state the day he received the physical copy of the R&R, the deadline need only be extended by one day for Plaintiff's objections to be considered timely.  Rule 6(d) provides that "when a party may or must act within a specified time after being served and service is made [by mail]…3 days are added after the period would otherwise expire."  Fed. R. Civ. P. 6(d).

Because it is likely that Plaintiff received his physical copy of the R&R at least one day after the Court entered its Order, Plaintiff's objections likely came within the 14-day period he had to file them.  To prevent the possibility of a mistake of law and to avoid injustice of the kind a motion to reconsider is designed to prevent, the Court concludes that Plaintiff's objections to the R&R are timely, and the Court will consider them when reviewing the R&R.  Based on Rule 60(b), the Court grants the requested relief and vacates its August 14, 2025 Order adopting the R&R and the corresponding Judgment.

Rule 72(b)(2) also provides that "a party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2).  The Defendant, which receives electronic notifications, has 14 days after the entry of this Order to respond, if it wishes, to Plaintiff's objections.

**IV. Conclusion**

Movant's Motion for Reconsideration is GRANTED as follows:

A. The Court's August 14, 2025 Order Adopting the Magistrate Judge's Report and Recommendation (ECF No. 97) is VACATED;

B. The Court's August 14, 2025 Judgment (ECF No. 98) is VACATED;

C. Defendant has 14 days from the entry of this Order to respond to Plaintiff's objections filed on August 15, 2025 (ECF No. 99); and

D. Plaintiff's Motion requesting that the Court rule on his Motion for Reconsideration (ECF No. 107) is DENIED AS MOOT.

So ordered this 19th day of February, 2026.

                                      */s/ Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE