IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DWAINE COLEMAN, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 2:23-cv-2612-SHM-atc |
| KELLOGG'S CO., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND SANCTIONS**

Before the Court is Plaintiff's February 9, 2026 "Rule 60(b)(3) Motion for Relief from Judgment and for Sanctions." (ECF No. 111) For the reasons given, the Court **DENIES** Plaintiff's Motion.

On February 19, 2026, the Court vacated its August 14, 2025 Order and Judgment, granting Plaintiff's Motion for Reconsideration. (ECF No. 111) Plaintiff's pending Motion, in part, duplicatively requests that relief. Insofar as Plaintiff's Motion requests relief from the Court's August 14, 2025 Judgment, the Motion is **DENIED AS MOOT.**

Plaintiff's request for sanctions under Rule 37, meanwhile, is not well taken. Rule 37 allows the Court to sanction parties for violating the rules of discovery. Fed. R. Civ. P. 37. Plaintiff generally asserts that Defendant improperly withheld

documentary evidence from him during discovery, but offers no proof of that alleged withholding. (ECF No. 111 at 2-3.) Plaintiff does not attach or reference any exhibits supporting those assertions. (ECF No. 111) Nor does he cite the record even once in his Motion. (Id.) Although Plaintiff says he "alerted the Court to the withholding" of evidence by Defendant, he does not specify when or how. (Id. at 2) Absent any proof of wrongdoing by Defendant presented in Plaintiff's Motion, by reference, attachment, or otherwise, Plaintiff's request for sanctions is not cognizable.  Plaintiff's request for sanctions is **DENIED**.

Plaintiff's "Rule 60(b)(3) Motion for Relief from Judgment and for Sanctions" (ECF No. 111) is **DENIED**.

So ordered this 20th day of February, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE