IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DWAINE COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>KELLOGG'S CO.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 2:23-cv-2612-SHM<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

Plaintiff alleges claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Before the Court is Defendant's Motion for Summary Judgment, filed May 7, 2025 (the "Motion"). (ECF No. 84.) On July 31, 2025, the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that Defendant's Motion be granted. (ECF No. 96.) Plaintiff filed timely objections to the R&R, which the Court now considers. (ECF No. 99.) For the reasons stated below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R&R, and **GRANTS** Defendant's Motion for Summary Judgment.

I.   **Background**

A. **Factual Background**

The following factual background is an abbreviated version of the narrative in the R&R.  Plaintiff has not objected to any of those facts.

Plaintiff Dwaine Coleman began working at Defendant Kellogg's Co.'s Memphis, Tennessee manufacturing plant in November 2021, while the factory's union was on strike. (ECF No. 96 at 3.) Coleman worked as a pellet maker on the production floor during most of his time with Defendant. (Id.) That position required frequent heavy lifting, pulling, and other rigorous physical activity. (Id. at 4.)  Throughout his employment, Plaintiff filed numerous safety complaints with Defendant. (Id. at 3.)

In April 2022, Plaintiff injured his right shoulder, but did not consult a physician about the injury util July 2022. (Id. at 4.) After examining Plaintiff, his physician advised Plaintiff not to work in any capacity for various time periods. (Id.) For periods between July 2022 and June 2024, Plaintiff's doctor released Plaintiff to work with restrictions on his movement, which precluded Plaintiff from performing his job as a pellet maker. (Id.) Plaintiff asked to be assigned to a "light duty" job with Defendant, which would require less physical movement. (Id.) Defendant said no such positions were available. (Id. at 4-6.) Defendant provided Plaintiff with a medical leave

of absence and two-thirds pay to reasonably accommodate Plaintiff's disability. (Id.)

At some point before Plaintiff returned to work in June 2023, Plaintiff's badge was deactivated. (Id. at 6.) On June 6, 2023, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge ("Charge #1"), alleging that Defendant had discriminated and retaliated against Plaintiff for his safety complaints by failing to offer him a "light duty" job and by deactivating his badge. (Id. at 8.) Plaintiff believed Defendant's actions violated the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. (Id.)

When Plaintiff returned to work on June 20, 2023, his badge was still not operational, meaning that he had to manually fill out a missed punch form to clock into and out of work. (Id. at 6.) Plaintiff believes that Defendant's employee Brenda Bryson retaliated against him for his EEOC Charge #1 by delaying his pay during that period. (Id.)

Plaintiff also made a variety of "ethics-line complaints" against Defendant during his employment, addressing treatment by other employees, Plaintiff's medical restrictions, and Defendant's alleged retaliation. (Id at 7.)

On October 5, 2023, Plaintiff filed a second EEOC charge ("Charge #2) after he had filed this suit. (Id at 8.) EEOC Charge #2 alleged that Defendant had retaliated against Plaintiff for

3

filing EEOC Charge #1 by delaying Plaintiff's pay during the time he had to fill out a missed punch form to clock into and out of work. (Id. at 8.) Defendant terminated Plaintiff on June 7, 2024. (Id.)

### B. Procedural Background

The Magistrate Judge construes Plaintiff's Complaint to allege that Defendant (1) discriminated against Plaintiff in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117 (the "ADA"), by failing to accommodate Plaintiff's request for light duty work, (2) retaliated against Plaintiff in violation of the ADA, and (3) retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. ("Title VII"). (ECF No. 96 at 8.) Plaintiff does not object to that characterization of his claims.

The R&R recommends that summary judgment be granted in favor of Defendant and that Plaintiff's Complaint be dismissed in its entirety. (Id. at 1.)  The Magistrate Judge concludes that Plaintiff's ADA discrimination claims are unfounded because no light duty jobs were available and because Defendant provided a reasonable accommodation for Plaintiff's injury in the form of paid medical leave. (Id. at 11-14.) The Magistrate Judge concludes that Plaintiff's ADA retaliation claim is unfounded because the allegedly discriminating individual, Bryson, was

4

unaware of Plaintiff's EEOC Charge #1 and because Plaintiff demonstrated no other activity protected by the ADA. (Id. at 14-18.) The Magistrate Judge concludes that Plaintiff's Title VII claim is meritless because he did not allege that he was a member of a Title VII protected class or any activity protected by Title VII. (Id. at 18-19.)

On August 14, 2025, after Plaintiff had failed to object to the R&R within 14 days, the Court entered an order adopting the R&R in full and entered judgment in favor of Defendant. (ECF Nos. 97 and 98.) Plaintiff filed his objections the next day. (ECF No. 99.) Because Plaintiff receives notifications by traditional mail, rather than electronically, Plaintiff argued in a motion for reconsideration that his objections were timely. (ECF No. 100.) On February 19, 2026, the Court agreed and entered an order reopening the case. (ECF No. 112.) The Court now considers Plaintiff's objections to the R&R filed on August 15, 2025. (ECF No. 99.) Defendant had filed a response to the objections, and Plaintiff has filed a reply. (ECF Nos. 114 and 115.)

## II.  Standard of Review

Congress enacted the Federal Magistrates Act, 28 U.S.C. § 636, to relieve the burden on the federal judiciary by allowing district courts to assign duties to magistrate judges. See United

5

States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 Fed. Appx. 308, 310 (6th Cir. 2003). Under § 636, magistrate judges assist district judges by issuing reports and recommendations, subject to judicial review. See 28 U.S.C. § 636(b).

Federal Rule of Civil Procedure 72(b)(2) permits a party to file written objections to a magistrate judge's proposed findings and recommendations within 14 days of service. See Fed. R. Civ. P. 72(b)(2), 6(d). If timely objections are filed, the Court "shall make a *de novo* determination of those portions of the [magistrate judge's] report … to which objection is made." Melinda R. v. Commissioner of Social Security, No. 2:23-cv-1090, 2024 WL 1268249, at *1 (S.D. Ohio Mar. 26, 2024) (citing 28 U.S.C. § 636(b)(1)); see also Fed. R. Civ. P. 72(b). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C). Only specific objections are entitled to a de novo review. See Lee v. Money Gram Corporate Office, No. 15-cv-13474, 2017 WL 4161108, at *1 (E.D. Mich. Sep. 20, 2017). The objecting party must "pinpoint those portions of the magistrate's report that the district court must specially consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotations omitted). An objection "that does nothing more than disagree

with a magistrate judge's determination, without explaining the source of the error, is not considered a valid objection." Lee, 2017 WL 4161108, at *1 (quoting Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)) (internal quotations omitted). "[V]ague, general, or conclusory objections [do] not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Zimmerman v. Cason, 354 Fed. Appx. 228, 230 (6th Cir. 2009).

The district court is not required to review -- under a *de novo* or any other standard -- those aspects of the report and recommendation to which no objection is made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).

## III. Analysis

### A. Summary Judgment

The R&R recommends that Defendant's Motion for Summary Judgment be granted under Federal Rule of Civil Procedure 56. Under Rule 56(a), a court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must show that the nonmoving party, having had sufficient opportunity for discovery, lacks evidence to support an essential element of its case.  See Fed. R. Civ. P. 56(c)(1); Peeples v.

7

City of Detroit, 891 F.3d 622, 630 (6th Cir. 2018). All inferences must be drawn in the light most favorable to the nonmovant. Bledsoe v. Tenn. Valley Auth. Bd. of Dirs., 42 F.4th 568, 578 (6th Cir. 2022).

"The moving party has the burden of showing the absence of a genuine issue of material fact as to at least one essential element of the non-moving party's case." Kurtz v. Sec'y of Army, No. 3:06-1209, 2009 WL 5066901, at *1 (M.D. Tenn. Dec. 21, 2009), aff'd sub nom. Kurtz v. McHugh, 423 F. App'x 572 (6th Cir. 2011) (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). Once the moving party has satisfied its burden, the burden shifts to the nonmoving party to set forth "specific facts showing that there is a genuine issue for trial." Guptill v. City of Chattanooga, Tennessee, 160 F.4th 768, 776 (6th Cir. 2025) (citing Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e))).

The Court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989).

Although summary judgment must be used carefully, it "is 'an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive

8

determination of every action' rather than a 'disfavored procedural shortcut.'" F.D.I.C. v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quoting Celotex, 477 U.S. at 327).

Plaintiff does not number his objections to the R&R and inconsistently uses bullet points, making it difficult to understand where one objection ends and another begins. (ECF No. 99.) The Court has identified four objections.

**B. Objection 1: Alleged Retaliation by Brenda Bryson**

Plaintiff states his first objection in the first three bullet points on pages one and two. (ECF No. 99 at 1-2.) Plaintiff objects that the Magistrate Judge erroneously concluded Defendant's employee Brenda Bryson "was unaware of [P]laintiff's EEOC charge [#1] until [D]efendant's attorney informed her in her May 2025 declaration" and that "evidence in the record disputes this falsehood." (Id. at 1.)

For an employment retaliation claim to proceed, the alleged retaliator must have known about the victim's relevant protected activity when the retaliator retaliated. See Dulaney v. Flex Films (USA), Inc., No. 20-6098, 2021 WL 3719358, at *7 (6th Cir. Aug. 23, 2021) (collecting cases). In the R&R, the Magistrate Judge concludes that "it is undisputed…that Bryson was unaware of Coleman's EEOC Charge #1 until May 6, 2025." (ECF No. 96 at 18.) The Magistrate Judge reasons that Bryson could not have retaliated against Plaintiff for EEOC Charge #1 because Bryson

9

was unaware of that charge until May 2025, nearly a year after Defendant had terminated Plaintiff. (Id.) The Magistrate Judge's conclusion would be unwarranted if Plaintiff could cite evidence in the record showing a genuine dispute of material fact about whether Bryson knew of Plaintiff's EEOC Charge #1 during Bryson's allegedly retaliatory acts.

There are two problems with Plaintiff's argument. First, it is procedurally barred. As Defendant points out in its response to Plaintiff's objections, his argument was never presented to the Magistrate Judge. (See ECF No. 92 and ECF No. 114 at 3.) In Plaintiff's Response to Defendant's Motion for Summary Judgment, he did not object to Defendant's statement of fact about when Bryson became aware of Plaintiff's EEOC Charge #1. (ECF No. 92.) The Magistrate Judge, therefore, found it was "undisputed" that Bryson learned of Plaintiff's EEOC Charge #1 on May 6, 2025. (ECF No. 96 at 18.) Under the Federal Magistrates Act, "absent compelling reasons" parties cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000). Plaintiff does not argue that he raised this argument in his Response to Defendant's Motion for Summary Judgment. He offers no reasons for failing to do so. (ECF No. 99.) Plaintiff's objection is procedurally barred.

10

Second, even if there were compelling reasons allowing Plaintiff to raise his objection, it would fail on the merits. Plaintiff cites a set of written responses to interrogatories that Bryson signed on August 20, 2024. (Id. at 2.) Although those responses were not cited in Plaintiff's response to Defendant's Motion for Summary Judgment, they were in the record when the Magistrate Judge considered the R&R. (ECF No. 72-3 at 26-33.) Bryson, on behalf of Defendant Kellogg's, responds that "Kellogg admits that it is aware of two charges filed with the EEOC in which Plaintiff alleged retaliation." (Id. at 29.) That admission was signed on August 20, 2024, ten months before May 6, 2025, the date it was "undisputed" that Bryson became aware of Plaintiff's EEOC Charge #1. (ECF No. 96 at 18.)

This time difference does not change the Magistrate Judge's conclusion that, during the relevant time, there is no genuine dispute that Bryson was unaware of Plaintiff's EEOC Charge #1. Plaintiff was terminated on June 7, 2024. (Id. at 8.) The allegedly retaliatory acts occurred during Plaintiff's employment. Bryson signed the admission on August 20, 2024, *after* Plaintiff had been terminated. The admission is not direct evidence that Bryson knew of any of Plaintiff's EEOC charges during Plaintiff's employment. Bryson's signed response, even if properly brought before the Court, would not raise a genuine issue of material fact that would change the Magistrate Judge's

11

decision, namely, that there is no genuine dispute that Bryson was unaware of Plaintiff's EEOC Charge #1 at the time of the alleged retaliation.[1]

Because Plaintiff never presented his argument to the Magistrate Judge and because he can cite no evidence in the record demonstrating a genuine dispute of material fact, the Court **OVERRULES** Plaintiff's first objection.

### C.   Objection 2: Shannon Baird's Investigation

Plaintiff states his second objection in the fourth bullet point. (ECF No. 99 at 2.) That objection is without merit. Plaintiff appears to argue that evidence in the record shows he was subject to what he calls "light duty discrimination." (Id.) Plaintiff cites an alleged discrepancy in statements by Kellogg's Investigator Shannon Baird. (Id.) Plaintiff asserts that, in a declaration Plaintiff does not cite, Baird said one of Plaintiff's internal discrimination complaints was unsubstantiated. (Id.) Plaintiff refers to a page in the record showing that, in a written response to Plaintiff's workplace ethics complaint on December 19, 2022, Baird said that, after

---

[1] In his Reply, Plaintiff argues that Bryson's knowledge of Plaintiff's EEOC charges can be inferred, citing two Sixth Circuit cases. (ECF No. 115 at 5.) As the R&R says, however, the possibility of inference does not negate the requirement that Plaintiff show there is a genuine dispute of material fact about whether Bryson knew of Plaintiff's EEOC Charge #1 where there is direct evidence to the contrary. (ECF No. 96 at 18.)

her investigation of Plaintiff's allegations, "appropriate action had been taken." (Id. and ECF No. 72-2 at 14.) Plaintiff argues that a complaint could not be unsubstantiated if action was taken. (ECF No. 99 at 2.) He argues that the Magistrate Judge overlooked this discrepancy. (ECF No. 99 at 2.) Plaintiff alleges no details about the "action" said to have been taken.  He appears to argue that, because Baird said "action" had been taken, there is a genuine dispute of material fact about whether Plaintiff's "light duty discrimination" allegation had merit. (Id.)

A party objecting to an R&R must "pinpoint those portions of the magistrate's report that the district court must specially consider." Mira, 806 F.2d at 637.  Plaintiff fails to show which of the R&R's three conclusions Plaintiff's objection would affect.

The Magistrate Judge concludes that Plaintiff's ADA discrimination claims are unfounded because no light duty jobs were available, and that Defendant provided a reasonable accommodation in the form of paid medical leave. (ECF No. 96 at 11-14.) The Magistrate Judge concludes that Plaintiff's ADA retaliation claim is unfounded because the relevant party, Bryson, was unaware of Plaintiff's EEOC Charge #1 and because no other ADA protected activity was shown. (Id. at 14-18.) The Magistrate Judge concludes that Plaintiff's Title VII claim is

13

meritless because Plaintiff did not allege that he was a member of a Title VII protected class and because he alleged no activity protected by Title VII. (Id. at 18-19.)

It is unclear, and Plaintiff makes no effort to show, how any of those conclusions would be affected by Baird's alleged statement. "[V]ague, general, or conclusory objections [do] not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Zimmerman, 354 Fed. Appx. at 230. The Court **OVERRULES** Plaintiff's second objection.

### D.    Objection 3: Union Consultation

Plaintiff states his third objection in the non-bullet-pointed paragraph on page two beginning "also according." (ECF No. 99 at 2.) Without citing the record or the R&R, Plaintiff appears to argue that the accommodation Defendant provided was unreasonable because Defendant did not consult Plaintiff's union before making its decision. (Id.) Plaintiff made the same process-based argument in his Response to Defendant's Motion for Summary Judgment. (ECF No. 92 at 3.)

Considering that argument, the Magistrate Judge opines:

[Plaintiff] also takes issue with the process Kellogg used to determine that it could not offer [Plaintiff] the accommodation of light-duty work (ECF No. 92, at 3, 5), but he does not dispute that Kellogg did indeed make that determination. At this stage, the onus is on Coleman to demonstrate that the accommodation he requested was reasonable and was not provided by Kellogg. His process-related arguments in the absence of that demonstration are thus unavailing.

14

(ECF No. 96 at 12.) The Magistrate Judge accurately relies on Kleiber v. Honda of Am. Mfg., Inc., which decided that "claims premised upon an employer's failure to offer a reasonable accommodation necessarily involve direct evidence (the failure to accommodate) of discrimination. This conclusion is consistent with the definition of direct evidence, for if the fact-finder accepts the employee's version of the facts, no inference is necessary to conclude that the employee has proven this form of discrimination." 485 F.3d 862, 868 (6th Cir. 2007).

Plaintiff's objection repeats the argument the Magistrate Judge has rejected and offers no additional reason that the R&R's analysis of that argument is wrong. There is no issue with the conclusion the Magistrate Judge has reached. Defendant's failure to consult Plaintiff's union is not direct evidence of failure to accommodate. Plaintiff's third objection is **OVERRULED**.

### E.   Objection 4: Title VII Retaliation

Plaintiff's fourth objection is stated in the last five bullet-pointed paragraphs, beginning with "The magistrate also fails...." (ECF No. 99 at 3-4.) Plaintiff's arguments are difficult to understand. Plaintiff never cites the R&R, and only one paragraph contains a citation to the record. The objection appears to be based on a series of actions by Kellogg's employees that Plaintiff claims violated Title VII. (Id.) Each

argument is contained in Plaintiff's Response to Defendant's Motion for Summary Judgment. (See generally ECF No. 92.)

Title VII prohibits an employer from discriminating against an employee because of the employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). In the R&R, the Magistrate Judge concludes that Plaintiff's Title VII Retaliation claim fails because Plaintiff did not allege that he was a member of a Title VII protected class or show that he had engaged in any activity protected by Title VII. (ECF No. 96 at 18-19.) Plaintiff's objections do not address the Magistrate Judge's conclusions. Plaintiff still does not allege he is a member of a protected class for purposes of Title VII.[2] Nowhere in Plaintiff's objections does he allege any Title VII protected activity, merely repeating the arguments he made to the Magistrate Judge that address general complaints about Plaintiff's workplace. Plaintiff does not attempt to link his complaints to discrimination based on race, color, religion, sex, or national origin. Reviewing Plaintiff's arguments, the

---

[2] Presumably referring to the Magistrate's R&R, Plaintiff states that he "objects to this court's [sic] finding that plaintiff failed to allege he is a member of a title VII protected class" but does not cite to the record or allege otherwise. "[V]ague, general, or conclusory objections [do] not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Zimmerman, 354 Fed. Appx. at 230.

Court sees no reason to deviate from the Magistrate Judge's conclusions. Plaintiff's fourth objection is **OVERRULED.**

F.    **Further Objections in Plaintiff's Reply Brief**

Plaintiff's Reply offers new reasons that the R&R should be rejected. (ECF No. 115.) Those objections are improperly raised. "The Sixth Circuit has approved the decision of a district court declining to address arguments raised for the first time in a reply brief." Toth v. Ford Motor Co., 2008 WL 11380224, at *1 (N.D. Ohio Sept. 18, 2008) (citing Barany-Snyder v. Weiner, 539 F.3d 331-32 (6th Cir. 2008)).

Plaintiff's new arguments do not cite the R&R and, like many arguments discussed above, do not state why or how, even if accurate, the arguments would change the legal conclusions the Magistrate Judge reaches.  The objecting party must "pinpoint those portions of the magistrate's report that the district court must specially consider." Mira, 806 F.2d at 637.  Defendant's "position as a *pro se* litigant…does not relieve [him] of [his] duty to carry [his] argument." Andrea H. v. Comm'r of Soc. Sec., 2024 WL 997334, at *16 (E.D. Mich. Jan. 22, 2024), report and recommendation adopted sub nom. Hill v. Comm'r of Soc. Sec., 2024 WL 729218 (E.D. Mich. Feb. 22, 2024), aff'd, 2025 WL 1158339 (6th Cir. Apr. 2, 2025).  Plaintiff's new objections are **OVERRULED.**

17

## IV.   Conclusion

For the foregoing reasons, Plaintiff's objections to the Magistrate Judge's R&R fail.  Plaintiff's objections are **OVERRULED,** the Magistrate Judge's R&R is **ADOPTED** in full, and Defendant's Motion for Summary Judgment is **GRANTED.**

So ordered this 10th day of August, 2026.

*/s/ Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE